## Corporations Guaranteeing Mortgages.

*Corporations guaranteeing mortgages—Supervision of Banking Department—Acts of June 7, 1923, P. L. 498, and June 15, 1923, P. L. 809.*

Pennsylvania corporations formed for the purpose of guaranteeing mortgages and foreign corporations chartered for the like purpose are subject to the supervision and regulation of the Department of Banking.

Department of Justice. Opinion to Hon. Peter G. Cameron, Secretary of Banking.

ANDERSON, Dep. Att'y-Gen., May 10, 1926.—Your letter of April 22, 1926, requesting information, first, as to whether a Pennsylvania corporation formed for the purpose of guaranteeing mortgages is subject to the Department of Banking; and, second, what action must be taken by a foreign corporation formed for a like purpose in order to comply with the rules of said department, has been received and given careful consideration.

Both questions would seem to have been answered by the portion of the Administrative Code of June 7, 1923, P. L. 498, which relates to the powers and duties of the Department of Banking, and by the Banking Act of 1923, approved June 15, 1923, P. L. 809. These two pieces of legislation obviously received consideration by the general assembly at one and the same time and are to be read together as forming the statutory policy of the state with respect to the executive department of which the Secretary of Banking is the head.

In section 50a-2202, article XXII, of the Administrative Code, it is provided as follows:

"The Department of Banking shall have supervision over:

"(a) All corporations now or hereafter incorporated under the laws of this or any other state and authorized to transact business in this state, which have power to receive, and are receiving, money on deposit or for safekeeping otherwise than as bailees, including all banks, banking companies, co-operative banking associations, trust, safe deposit, real estate, mortgage, title insurance, guaranty, surety and indemnity companies, savings institutions, savings banks and provident institutions."

Section 4 of the Banking Act of 1923 charges the Department of Banking "with the duty of taking care that the laws of this Commonwealth in relation thereto shall be faithfully executed and that the greatest safety to depositors therein or therewith and to other interested persons shall be afforded." That section proceeds as follows: "The said supervision, duties and powers shall extend and apply to the following corporations now or hereafter incorporated under the laws of this state or under the laws of any other state and authorized to transact business in this state; namely, all such corporations having power to receive and receiving money on deposit or for safekeeping otherwise than as bailee, including all banks, banking companies, co-operative banking associations, trust, safe deposit, real estate, mortgage, title insurance, guarantee, surety and indemnity companies, savings institutions, savings banks and provident institutions. The said supervision, duties and powers shall also extend and apply to mutual savings funds, building and loan associations and corporations doing a safe-deposit business only."

From the legislation just quoted, it is obvious that a corporation formed for the purpose of guaranteeing mortgages is subject to the Department of Banking.

The said legislation also renders it possible for the Secretary of Banking to impose upon foreign corporations operating as aforesaid the same restric-

tions which are imposed upon Pennsylvania corporations under like conditions.

You are advised specifically on this latter point that, in addition to the requirements of the law dealing with the steps which a foreign corporation must take in order to be registered to do business in Pennsylvania, such corporations, if they are mortgage guarantee companies, may be subjected by your department to all the supervision and regulation imposed upon corporations organized under the provisions of the Pennsylvania statutes.

From C. P. Addams, Harrisburg, Pa.